## Kiskiminetas Township *v.* Gas Co.

*Natural gas pipes—Jurisdiction and discretion of court—Act of 1885.*

The court has jurisdiction under the Act of May 29, 1885, P. L. 29, where proceedings are had upon petition when any dispute arises as to natural gas pipes already laid in a township which the company has neglected or refused to bury below the surface of the road. To compel the company to comply with its oft-broken promises to put the pipes under ground is a reasonable and proper exercise of the discretion of the common pleas which will not be interfered with by the appellate courts.

Argued April 15, 1900. Appeal, No. 233, April T., 1900, by defendant, in suit of Kiskiminetas township by the supervisors of roads, against the Conemaugh Gas Company, from decree of C. P. Armstrong Co., June T., 1899, No. 205, directing defendant to bury certain gas pipe. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Petition of road supervisors to cause defendant to cover or bury its gas pipes within a specified time. Before PATTON, P. J.

It appears from the record that this proceeding is upon a petition by the supervisors of Kiskiminetas township to compel the Conemaugh Gas Company to bury or cover its pipe lines or relay them within certain limits therein specified. The defendant company filed an answer denying the merits of the petition and setting forth a want of jurisdiction and thereupon filed a motion to dismiss for want of jurisdiction for the reasons set forth in the answer.

The court presented the following order:

[That all the pipe lines of the defendant, the Conemaugh Gas Company, lying or being over or upon the following public roads in said township, to wit: that part of the old Kiskiminetas road between the Conemaugh pump station to the McCauley farm, a distance of two and one half miles; also that part of the state road between the Apollo borough line and the intersection of the Jackson with the state road, a distance of about one mile, also that part of the Jackson road between the said

intersection and the J. Y. Jackson homestead, be buried at least six inches below the surface wherever said pipe lines are exposed and within the breadth of the road as laid out by the viewers and fixed by the court; that the work of burying said pipe line shall begin not later than the first day of April next and prosecuted with due diligence and completed not later than the first day of June next and that the defendant pay the costs of this proceeding.] [2]

Defendant appealed.

*Errors assigned* were (1) in overruling· respondent's motion to dismiss the proceeding for want of jurisdiction. (2) In entering decree, reciting same.

*R. B. Stone*, with him *John F. Whitworth*, for appellant.

*S. B. Cochrane*, with him *J. Q. Cochrane*, for appellee.

OPINION BY BEAVER, J., July 26, 1900 :

The single question in this case is as to the jurisdiction of the court of common pleas in entertaining and acting upon the petition of the township authorities for a decree requiring the gas company to bury their pipes below the surface of the roads upon which they were laid. The question involves the construction of the Act of May 29, 1885, P. L. 29. The 10th section provides that "any and all corporations that is or are now, or shall hereafter be engaged in such business shall have the right of eminent domain for the laying of pipe lines for the transportation and distribution of natural gas . . . . upon and over, under and across any lands, rivers, streams, bridges, roads, streets, lanes, alleys or other public highways or other pipe lines or to cross railroads or canals." The rights of companies organized under the act are further defined in sections 11 and 12 as follows: "The right to enter upon any public lane, street, alley or highway for the purpose of laying down pipes, altering, inspecting and repairing the same shall be exercised in such a way as to do as little damage as possible to such highways and to impair as little as possible the free use thereof, subject to such regulations as the councils of any city may by ordinance adopt. Section 12. In all cases where any dispute shall

arise between such corporations and the authorities of any borough, city, township or county through, over or upon whose highways, or between it and any landowner or corporation, through, over or upon whose property or easement pipes are to be laid, as to the manner of laying pipes and the character thereof with respect to safety and public convenience, it shall be the duty of the court of common pleas of the proper county, upon the petition of either party in dispute, upon a hearing to be had, to define by its decree what precautions, if.any, shall be taken in the laying of pipes, and by injunction to restrain their being laid in any other way than as decreed. It shall be the duty of the court to have the hearing and make its decree with all convenient speed and promptness. Either party shall have a right to appeal therefrom as in cases of equity to the Supreme Court but the appeal shall not be a supersedeas to the decree, and proceedings shall be had in like manner, upon like petition, when and as often as any dispute arises as to pipes already laid, to define the duty of such corporations as to their relaying or repair, amendment or improvements."

The appellant seeks to avoid the jurisdiction of the court upon the ground that this is not a dispute which arises as to the laying or relaying of the pipes whose presence upon the surface of the roads is complained of. Is there a dispute? In a sense there is not. The testimony shows that the appellant has never denied the right of the township to require that the pipes should be buried and has, whenever complaint was made, agreed to bury them, but these promises have been made only to be broken. The presence of the appellant in the court below, insisting upon the dismissal of the petition of the township and its appearance here, denying the jurisdiction of the court, are surely sufficient evidence of a dispute. The provisions of the act do not confine the courts to a dispute arising as to the laying or relaying of the pipes. The latter part of the 12th section expressly provides that "proceedings shall be had in a like manner, upon like petition, when and as often as any dispute arises as to pipes already laid,"etc. There can be no question as to the jurisdiction of the court nor can there be any as to the reasonable and proper exercise of the discretion which such jurisdiction gives in this case. The presence of the pipes upon the surface of the roads not only interfered, as the testi-

mony shows, with their proper care and repair, but was a hindrance to travel and in some cases dangerous. The township authorities have been long suffering and, in a sense, negligent in failing to require the appellant to comply with the reasonable request which was made at the time the pipes were laid, but it comes with bad grace from the appellants to complain of this negligence and to assert that, because of it, the township has lost its right to ask for the reasonable protection which the act under which the company was organized gives and to deny the jurisdiction of the court for the same reason. The reasonable terms of the decree of the court should be complied with as soon as possible.

The decree is affirmed.