# HAGUE v. JUAB COUNTY MILL & ELEVATOR COMPANY.

No. 2082. Decided February 11, 1910 (107 Pac. 249).

1. PLEADING—ADMISSIONS—CONCLUSIVENESS. In an action to enjoin the maintenance of a flume adjacent to plaintiff's property, which he claimed interfered with his easement in a public street, defendant was bound by the allegations of the answer admitting that plaintiff's land abutted upon a public street, and that the flume was in and along said street, and could not contend that the street was never dedicated or established. (Page 294.)

2. MUNICIPAL CORPORATIONS—OBSTRUCTIONS OF STREETS—ACCESS OVER STREET—OBSTRUCTION BY FLUME. Defendant maintained a mill flume, with banks at a certain height, for about forty years in a public street, abutting plaintiff's property; plaintiff being able to cross the street by means of bridges without undue inconvenience, until defendant removed the bridges and raised the banks of the flume so as to prevent him from crossing the street from his premises. *Held*, that while defendant was entitled to use the street for a flume, he could not change the height of the banks so as to interfere with plaintiff's rights in the street; and the fact that the street had been abandoned by the public was immaterial upon plaintiff's rights. (Page 295.)

3. MUNICIPAL CORPORATIONS—STREETS—ABANDONMENT BY PUBLIC—EFFECT ON RIGHTS OF PROPERTY OWNERS. While the public may abandon a street so far as its rights therein are concerned, such abandonment does not affect the rights of abutting owners to an easement therein for ingress and egress.[1] (Page 296.)

4. ADVERSE POSSESSION—EXTENT OF RIGHT—ADVERSE POSSESSION OF STREET. Where defendant had merely an easement in a street for maintaining a flume for milling purposes, he could acquire no more than the perpetual right to maintain the flume for milling purposes, and could not claim, by adverse possession, the legal title of that part of the street so as to entitle him to maintain the flume banks at any height. (Page 296.)

5. MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—INJUNCTION—DECREE—CERTAINTY. In a suit by an abutting owner to enjoin the maintainence of the banks of a flume beyond a certain height in an adjacent street, the decree enjoined defendant from maintaining the banks in front of plaintiff's premises at a height greater than

[1] Sowadzki v. Salt Lake County, 36 Utah, 127, 104 Pac. 111.

nine inches above the present bank at the southeast corner of plain-tiff's property, and not exceeding one foot above the present bank at the southwest corner, and not exceeding a height constituting an even grade between such points. The condition of the earth forming the banks of the flume was ascertainable when the decree was entered. *Held*, that the height of the flume as prescribed by the decree could be easily ascertained so as to permanently fix its height, so that the decree was not unenforceable for uncertainty as to the height at which the flume was to be maintained . (Page 297.)

6. MUNICIPAL CORPORATIONS—USE OF STREETS—OBSTRUCTION—REME-DIES OF PROPERTY OWNER—INJUNCTION. The maintenance of the flume so as to prevent plaintiff's access to the street was a nuisance which plaintiff could have abated by injunction; he not being confined to an action for damages to his property. (Page 297.)

Appeal from District Court, Fifth District; *Hon. Joshua Greenwood,* Judge.

Action by A. V. Hague against the Juab County Mill & Elevator Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*A. R. Barnes* for appellant.

*Thurman, Wedgwood & Irvine* for respondent.

FRICK, J.

This was an action to enjoin the defendant corporation from maintaining a certain flume. The court granted the relief by issuing a perpetual injunction, and the defendant presents the record for review on appeal.

The injunction is based upon substantially the following facts found by the court: That the respondent at all times mentioned in the findings was, and now is, the owner of certain parcels of land in Nephi City, Juab county, Utah, which are particularly described. That upon said parcels of land respondent has erected a dwelling house, which he, with his family, occupies as a home, and in connection therewith he has also erected and is using a barn and other

outhouses situate on said land; that the south side of said premises abuts upon a public street, and said dwelling house fronts to the south on the street aforesaid; that in and along the north side of said street along the south boundary line of respondent's said premises there has for many years existed a certain artificial channel for the conveying of water for power purposes to a certain mill owned by appellant and situated on the block immediately west of respondent's premises aforesaid; that said appellant and its predecessors in interest have been, and appellant now is, the owner of an easement in said streets for the carrying of water to said mill for the purposes aforesaid; that said channel is contiguous to the south side of respondent's premises throughout their entire length, and is about four and one-half feet wide and the banks thereof during all the times stated in said findings (which was for a period of forty years or more before the action was commenced) have been maintained at an elevation as follows; on the southeast corner of respondent's premises the banks were maintained at a height of not exceeding nine inches above what the banks are at the present time (the time of trial), and at the southwest corner of said premises they were maintained at a height not exceeding one foot above what they are at the present time, and between said two corners said banks were maintained at a uniform height and at an even grade, and said channel and said banks were used and maintained during all the time aforesaid for the purpose of conveying water to said mill for power purposes; that on or about the 12th day of November, 1907, appellant, by its servants and agents, unlawfully and without authority, and against the consent of respondent, and in violation of his rights, entered upon said artificial channel situated along and contiguous to the south boundary of respondent's premises, and commenced the construction of a wooden flume about three and one-half feet in height and about five feet in width above said artificial channel for the purpose of conveying the water to said mill, and that said appellant threatens to maintain said flume at the height and width aforesaid;

that said flume on the southeast corner and at the south-
west corner and along the entire length of respondent's
premises is now constructed at a height exceeding the height
the same had theretofore been constructed and maintained
by appellant and its predecessors in interest to the extent
heretofore stated; that prior to the construction of said
flume the respondent had constructed bridges across said
artificial channel, one of which was used for ingress and
egress to and from the dwelling house, and the other was
used for the purpose of obtaining access with vehicles and
otherwise to the barn and premises of respondent, and that
the access to said dwelling house, barn, and outhouses was
convenient and in no way affected either the convenient use
or value of said premises; that the construction and main-
tenance of said flume in the manner and condition stated will
deprive the respondent of free and convenient access to and
enjoyment of the dwelling house, barn, outhouses, and
premises aforesaid, and will impair their value, and that
said flume as constructed and threatened to be maintained
constitutes a perpetual nuisance; that in the construction
of said flume appellant has removed both bridges aforesaid,
and has thereby destroyed respondent's means of conven-
ient access to the public street in front of said premises,
all of which produces an irreparable injury to the premises
aforesaid.

Upon substantially the foregoing findings of fact the
court made conclusions of law, and entered a decree perpet-
ually enjoining appellant from maintaining the banks of
said artificial channel and of said flume in front of respond-
ent's said premises at a height greater than "nine inches
above the present bank of the artificial channel at the south-
east corner of plaintiff's (respondent's) premises, and not
exceeding the elevation of one foot above the present bank
of said artificial channel at the southwest corner of plain-
tiff's said premises, and not exceeding a height constitut-
ing and even and uniform grade between said points, and
all the portion of said flume now maintained above said
elevation is a nuisance to the plaintiff injurious to his prop-

erty, and plaintiff is entitled to have the same abated and removed." Appellant was allowed sixty days in which to reconstruct said flume so as to conform to the conditions imposed in the foregoing decree, and, in case it failed to do so, then said flume was ordered removed, and the nuisance caused thereby abated.

Counsel for appellant has assigned a large number of errors, but in his brief he has grouped them so that it will be necessary to discuss or refer to a few of the original assignments only. Appellant's counsel contends that the alleged street in front of respondent's premises, and where the flume in question is located, never was dedicated nor established as a public street. In view of the averments and admissions contained in appellant's answer to respondent's complaint, this contention is not tenable. In its answer the appellant makes following statements and admissions, to wit: "It (meaning appellant) admits and alleges that said parcels of land (meaning respondent's land) abut upon a public street, which extends east and west in Nephi City, Utah, and is known as Hague Street; that the artificial channel mentioned in paragraph three of the complaint is and was at all times mentioned constructed in, along, and parallel with said street as it extends in front of said lands; that said lands abut upon the north boudary line of said street; that the center line of said artificial channel, throughout its length, as it extends in front of said lands, is about nineteen feet south of said boundary line of said street." At no time was this portion of the answer modified or withdrawn, and hence appellant is concluded by its own solemn statements and admisions that the street in question during the times mentioned in the pleadings was, and at the time the action was commenced continued to be, a public street, and that said artificial channel was constructed and maintained along the south boundary of respondent's premises and in said street. It is true that the answer also contains averments to the effect that the portion of the street in front of respondent's premises and on which the artificial channel was constructed and

maintained had by the public been abandoned as a street, and, further, that appellant had obtained title to said portion by adverse possession. The court heard all the evidence adduced to both parties upon these issues, and determined them against appellant. In view of the evidence upon these issues, when considered in connection with the admission contained in appellant's answer, the court's findings of fact and conclusions of law are clearly right. From appellant's admissions it is clear that respondent in passing from the street to his premises had to pass over or across the channel constructed and maintained by appellant. Respondent's legal right to a reasonably convenient passageway from his premises to the street certainly cannot be questioned nor interfered with by appellant. Nor can respondent prevent appellant from using the channel for the purposes for which it was constructed and used prior to the commencement of the action. The extent of appellant's rights, however, in fluming and maintaining said channel are not unlimited. If the banks or sides of the channel were maintained in the street at a certain width and height during all of the years that the channel has been used by appellant, it may not, for its own convenience, change the channel, if such change interferes with the rights of others. This in legal effect is just what the trial court decided in this case. The court, in effect, found that for the period of forty years or more the banks of the channel in front of respondent's premises had been maintained at a certain elevation; that, when so maintained, appellant could and did obtain the use and benefit of the channel for the purpose for which it was constructed, and that with the banks in that condition the channel did not unduly inconvenience respondent in the necessary use of his premises; that appellant in fluming the channel raised the sides thereof at least three and one-half feet higher than they were before, and thereby injured and unnecessarily interfered with respondent's use of his premises, and hence the court ordered that the sides of the flume be lowered to the original elevation of the banks of the channel. Appellant's contention that the

public had abandoned that portion of the street in which
the channel and flume were for the purposes of the decision
in this case is immaterial. Of course, the public could
abandon that portion of the street and permit appellant to
have exclusive use and possession of it as a channel to
conduct water to its mill, but in permitting such a use
the public did not, and could not, authorize any one to
interfere with an abutting owner's rights in maintaining a
passageway from the street supposed to be abandoned to his
premises over the channel. While the public may abandon
a street or highway in so far as it affects the rights of the
public therein, such an abandonment, however, will not af-
fect the rights of the abutting owner with respect to the use
of an easement he may have in the street for the
purposes of ingress and egress to and from his prem-        **3**
ises. (*Sowadzki v. Salt Lake County,* 36 Utah, 127,
104 Pac. 111.) If appellant had constructed the flume in
question four feet high at the time it first constructed the
channel and had maintained it at that height during the
time mentioned in the findings, respondent, perhaps, could
not now complain for the reason that appellant would then
have acquired the right so to maintain the flume; but, if
appellant should attempt to raise the flume from four to
seven feet in height, respondent could prevent it precisely
the same as he may prevent it from being raised from ap-
proximately one foot above its former location to four feet.

The claim of adverse possession is practically in the same
condition as the claim of abandonment. Appellant was
given and held possession of a portion of a public street
for a special purpose of conducting running water through
a certain channel for certain purposes. Having entered
upon that portion of the street for the purpose aforesaid,
appellant could only acquire the perpetual right to maintain
the channel for the purpose of conducting water to its mill,
and could not legally claim by adverse possession the
legal title to the strip itself. The possession was for        **4**
a special purpose merely, which, in legal effect,
amounted to no more than a right of passage or easement,

and hence the fee remains just where it was when appellant entered upon the strip for the purpose aforesaid.

The contention that the decree is uncertain, and thus not enforceable because the height that the flume may be maintained is not fixed, is not well founded. The height at which the flume may be maintained by the decree is nine inches above the bank as it was at the time of the trial at one corner and one foot above the bank as it was at said time at the other corner of respondent's premises with a uniform grade between those two points. Since those two corners are the extreme limits of respondent's premises, and as the condition of the earth constituting the banks of the channel, as appears from the evidence, was easily ascertainable at the time the decree was rendered, we are of the opinion that the decree is about as certain as under the conditions it could well have been made. Surely it cannot be seriously contended that the surface elevation of the earth at the points mentioned in the decree was not sufficiently permanent from which any one could ascertain and measure the height at which the court ordered the flume to be maintained. The decree in its terms was certain, and the height that the flume is permitted was easily ascertainable, and, when once ascertained and fixed, would remain so for all time.

The further contention that under the facts respondent is not entitled to injunctive relief, but, if he is entitled to any relief, it is merely damages for injury to his property, cannot be sustained. In view of the findings of the court, all of which are, in our judgment, supported by the evidence, there is no room to doubt that the flume as constructed constitutes a nuisance of which respondent has a right to complain. Upon the other hand, it is apparent that appellant can obtain the full benefit and enjoyment from the flume if constructed as ordered by the court, while, if maintained as now constructed, it will deprive respondent of the full benefit and enjoyment of his property. Under such circumstances, injunctive relief is

always proper, and we think the court fully protected appellant's rights in rendering the judgment it did.

The judgment is affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.