# In re: Petition of the City of Pittsburgh, Etc.

*Municipalities—Streets—Opening streets — Property adjoining or abutting on street—Benefits—Assessments.*

The term abutting property usually implies property which actually adjoins another property or a highway, or it is sometimes used as meaning close proximity. The term abut means an actual joining. When a property actually adjoins and is the boundary of a street, whether at the side or the end thereof, it is an abutting property. The access to the street is direct and immediate.

The opening of a street which gives a property located at the end thereof access to a main thoroughfare, and the general system of city streets, conferred a benefit distinct from that resulting to other property in the neighborhood, not directly abutting on the improvement, and benefits were properly assessed against it.

Argued April 19, 1923. Appeal, No. 83, April T., 1923, by Ira C. Wilcox, from order of C. P. Allegheny Co., Jan. T., 1922, No. 847, confirming report of Board of Viewers In re Petition of the City of Pittsburgh for the appointment of viewers to ascertain the cost, damages and expenses and assess the benefits arising from the opening of Dahlem Way from Hamilton Avenue to the Westerly Line of the plan of partition of the Estate of Jacob Dahlem including all damages due to the grade at which said highway is to be opened. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to report of board of viewers. Before MAC-FARLANE, J.

The facts are stated in the opinion of the Superior Court.

The board of viewers assessed the property of Ira C. Wilcox with benefits in the sum of $800. On exception to the report of the board of viewers, the court dismissed the exceptions and confirmed the report. Exceptant appealed.

8, (1923).] Assignment of Error—Opinion of the Court.

*Error assigned*, among others, was the decree of the court.

*Harvey A. Miller*, of *Miller & Nesbit*, for appellant.— No assessment for benefits can be made for the opening or improvement of a street against the properties not abutting directly upon the line of such street: Harriott Avenue, 24 Pa. Superior Ct. 597; Appeal of Vernon Borough, 4 Pa. Superior Ct. 608; Thirteenth Street, Phila., 16 Pa. Superior Ct. 127; Fifty-Fourth Street, Pittsburgh, 165 Pa. 8; Park Avenue Sewers, 169 Pa. 433; Phila. v. Conway, 257 Pa. 172; Hamilton Avenue, 48 Pa. Superior Ct. 156; C. J., vol. 1, page 376.

*M. H. Irons*, Assistant City Solicitor, and with him *Richard W. Martin*, City Solicitor, for appellee.—The property was benefited and the assessment was valid: Bond v. Phila., 218 Pa. 475; Edsall v. Jersey Shore Boro., 220 Pa. 591; Broad St. Widening, 225 Pa. 184.

OPINION BY PORTER, J., October 5, 1923:

The viewers filed a report assessing the property of Ira C. Wilcox for benefits resulting from the opening of the highway. Wilcox filed in the court below an exception to the report of the viewers, averring that his property did not abut upon the improvement within the meaning of the act of assembly, and was, therefore, not liable to an assessment for benefits. The court below overruled the exception and confirmed the report, from which order we have this appeal.

Dahlem Way was opened, in pursuance of an ordinance duly passed by the city, from Hamilton Avenue eastwardly a distance of 142 feet up to the line of the property of the appellant, which extended entirely across the end of the highway; upon petition of the city viewers were duly appointed to ascertain the cost, expenses and damages and assess the benefits arising from such opening. The viewers reported awarding damages for prop-

erty taken by the opening in the sum of $800 and assessed the property of the appellant for benefits in the same amount; the assessment for benefits is, therefore, an assessment upon the property of this appellant for the purpose of paying damages to other property resulting from the opening of the highway. The appellant does not assert that his property was not benefited, he contends that, no matter whether it was benefited or not, it was not liable to assessment for the reason that it did not abut upon the side of the street, but merely extended directly across the end thereof. It is well settled that property which does not abut upon an improvement of this character is not subject to assessment for benefits. The term abutting property usually implies property which actually adjoins another property or a highway, although it is sometimes loosely used as meaning merely close proximity. The term abut means an actual joining. When a property actually adjoins, is the boundary of a street, whether at the side or the end thereof, it is an abutting property. The access to the street is direct and immediate. This appellant can by one step pass from his private property on to the public highway in question. There is no other street, nor is there any property public or private between the property assessed and the newly opened Dahlem Way. There is no other highway connecting with Dahlem Way at or near the line of this appellant's property, it is a cul-de-sac. The opening of the street gave the property of this appellant direct access to Hamilton Avenue and the system of streets to the westward thereof, a benefit distinct from that resulting to other property in the neighborhood not directly abutting upon the improvement. The assignments of error are dismissed.

The judgment is affirmed.