468 P.2d 372

John O. FARNSWORTH and Sharon An-
nette Farnsworth, his wife, Plain-
tiffs and Appellants,

v.

SOTER'S INC., a corporation, Defendant,
Third-Party Plaintiff and
Respondent,

v.

Robert B. SWANER and Louise S. Swaner,
his wife, Salt Lake County, a body politic,
and Sam F. Soter, individually, Third-Par-
ty Defendants and Respondents.

No. 11626.

Supreme Court of Utah.

April 1, 1970.

Lothaire R. Rich, Salt Lake City, for ap-
pellant.

Victor G. Sagers, Midvale, for respond-
ent.

ELTON, District Judge.

This is an appeal taken from a lower
court judgment, dismissing an action for
damages for the loss of use of an old Salt
Lake County road. Plaintiffs seek reversal
of the lower court decision and a judgment
granting either damages or restoration of
the road or, in the alternative, a new trial.
No relief can be granted. Judgment af-
firmed.

Plaintiffs advance two primary argu-
ments on appeal: (1) that they have been
deprived of property without due process
of law or compensation, and (2) that they
should have been granted the privilege of
trying their case before a jury. The ap-
peal fails on these arguments. The first ar-
gument is overcome by the negative an-
swer to one question: Can plaintiffs claim
right of access to their property from the
old County road as abutting owners?
Plaintiffs' second argument need not be
considered in this opinion, since we hold
that plaintiffs as a matter of law have

failed to establish any right of access from the old County road.

In 1943 plaintiff John Farnsworth purchased a farm of almost 120 acres. The tract of land was contiguous to and south of the centerline of Section 34, Township 2 South, Range 1 East, Salt Lake Meridian. At the time of the purchase the roadway in dispute passed just north of plaintiffs' property. In 1958 and 1959 plaintiff John Farnsworth disposed of nearly all of his 120 acres. He sold what he owned to the east and south, and gave his sister what he owned to the west of the one acre he retained. Farnsworth testified that he assumed he had a right of access to the remaining acre by way of the old County road to the north. His sister used and still uses the part of the road which remains, to gain access to her property.

In the fall of 1959 the Salt Lake County Commission realigned the old road known as 8200 South in order to improve a dangerous curve. It quitclaimed its interest in the old road, established by prescriptive use, to third-party defendants Swaner. Defendant Soter's Inc. became the successor in interest of the roadway in 1964 and soon thereafter removed the old roadway to prepare the area for subdivision.

Plaintiffs have no dwelling units on the retained acre but contemplate building thereon. They now claim that the value of their property has been greatly decreased by defendants' tearing up the old road. They argue that they have been deprived of their rights as abutting owners to access to their property without due process of law. Their acre is landlocked on all sides.

Defendant contends that plaintiffs have not been deprived of any property right because they never had such a right. We must agree with this contention as to the rights asserted by plaintiffs. Plaintiffs' property is not contiguous at any point with the old roadway. There is a distance of 10 feet to 14 feet between plaintiffs' north property line and the south edge of the roadway. In defining "abut" Corpus Juris Secundum in 1 C.J.S. p. 406 relates the following: "It has been said that it conveys the idea of bordering on, bounded by, *with nothing intervening*. Plaintiffs have suggested nothing to the contrary. Plaintiffs are not abutting owners since there is a strip of land between their property and the roadway to which they claim right of access. The old roadway was created by prescriptive use and cannot otherwise be defined except by survey of the old oiled surface. Such a survey has been conducted and drawn up by the Salt Lake County Surveyor's office. A copy of the drawing has been entered into evidence as exhibit D–9 and shows the strip of land referred to above. The drawing and plaintiff Farnsworth's testimony reveal this strip of land to be sufficiently wide to force the

conclusion that the roadway was entirely to the north of plaintiffs' property and that plaintiffs can in no way claim to be abutting owners. No other conclusion is possible upon the facts of this case. Since plaintiffs' sole theory on appeal rests on the rights of an abutting owner, this appeal must fail.

Judgment affirmed.

TUCKETT, J., and MARCELLUS K. SNOW, District Judge, concur.

ELLETT, Justice (dissenting).

I dissent. The main opinion holds that the shoulder of the roadway between the edge of the hard-surfaced portion and the old fence line along the north side of appellants' land was private land belonging to the predecessors of the respondents. It seems to me that such a holding ignores reality.

For many years a country road ran in an east-west direction immediately north of the Farnsworth property along the quarter section line. Sometime prior to 1946 the county placed hard-surface material upon the main traveled portion of that road, which surface was wide enough for two cars to pass each other. Inasmuch as this road was originally established by the travel of vehicles and animals, it would be totally unrealistic to believe that such a country road consisted only of the portion which was later hard surfaced. In the nature of such a practical use, there would, of necessity, be a shoulder of reasonable width on either side of the hard surface.

In the first place, horses and cows driven along such a country road do not conform to such narrow restrictions. In the second place, for many years last past it has been unlawful to park or leave standing any vehicle upon the paved or main traveled part of a highway when it is practical to stop, park, or leave such vehicle off of such part of the highway.[1] For these reasons, the logical assumption is that there was included in the country road, as it was originally established and after the hard-surface material was placed upon the center of the road, a reasonable shoulder adjacent to the hard-surfaced portion, and this is especially true in view of the fact that there is testimony in the record that country roads are usually 40 feet wide.

No use by respondents' predecessors was ever made of the few feet of land between the south side of the hard surface of the road and the Farnsworth land, nor was any claim ever made by them that the strip was not a part of the road. The respondents cannot use the strip now except by ignoring the old road which they are here trying to do.

1. Section 41–6–101, U.C.A.1953.

. The County built a better road angling off from that part which passes near the Farnsworth land and conveyed its rights in and to the old road to the respondents herein.

When a new road is built, the owners of land abutting on the old road lose none of their rights therein,[2] and so by taking the deed from the County the respondents did not cause Farnsworths to lose any of their rights of access, etc., to the old road. The fact that they had their land fenced is of no import. If their land abutted on the old road, they still have the right of access to it.

I cannot conceive of a country road without a shoulder, and I do not think the trial court was warranted in finding that the Farnsworth land did not abut on the old road. I would remand this case with directions to assess damages for past interference with appellants' rights of access to the old road and for an order restraining any further interference with those rights in the future. I think the appellants should be awarded their costs incurred herein.

CROCKETT, C. J., concurs in the dissenting opinion of ELLETT, J.

CALLISTER and HENRIOD, JJ., having disqualified themselves, do not participate herein.

2. 39 C.J.S. Highways § 141; Hague v. Juab County Mill & Elevator Company, 37 Utah 290, 107 P. 249 (1910).