336 A.2d 880

**James W. LUKENS, Jr., and James W. Lukens, Jr., Assignee,**

**v.**

**U. G. I. CORPORATION, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 11, 1974.

Decided March 18, 1975.

Rehearing Denied May 19, 1975.

Roberts and Nix, JJ., concurred in the result.

Manderino, J., filed a dissenting opinion.

---

Louis G. Feldmann, A. J. Ciotola, Feldmann & Ciotola, Hazelton, for appellant.

Pasco L. Schiavo, Hazelton, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROB-ERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On July 10, 1963, the Pennsylvania Department of Public Highways condemned a portion of the premises owned by Carl and Ruth Peterson for the purpose of widening Route 29 (now Route 93), upon which their premises abutted. The Petersons were compensated. On June 28, 1965, the Department of Public Highways granted to U.G.I. Corporation (appellant) a permit to install a gas pipeline in the right-of-way abutting the entire length of the Peterson property. On November 28, 1967, the Petersons conveyed an undivided one-third interest in their property to James W. Lukens, Jr. (appellee), an undivided one-third interest to Robert W. Ellis and Naomi B. Ellis, and an undivided one-third interest to Samuel Flumen. In April of 1971, appellee and his co-owners in the former Peterson property, entered into an agreement of sale with the Mobil Oil Corporation. Pursuant to the sales agreement, appellee began grading operations on the property and in so doing removed certain earth banks and resloped the property, thus exposing the pipeline of appellant, which, when laid in 1965, had conformed in depth restrictions as provided for by P.U.C. regulation. Mobil, when notified of the exposed gasline, made settlement with appellee to provide for the pipeline's relocation. In 1972, appellee filed a suit in equity seeking damages from appellant and compensation for the cost of relocating the pipeline. The chancellor took testimony and entered a decree nisi granting appellee's requested relief. Exceptions were filed and dismissed, and a final decree entered. This appeal followed.

The chancellor and appellee take the position that the instant case is controlled by the decisions of *Pittsburgh Nat. Bk. v. Equitable Gas Co.*, 421 Pa. 468, 220 A.2d 12

(1966) and N. 2 at 475, 220 A.2d 12; and *Shinzel v. Bell Telephone Co.*, 31 Pa.Super. 221 (1906). In our opinion, the above cases, while correct, are not controlling in the instant case. In both of the above cases, it was held that an abutting landowner could recover damages if the additional servitude, such as a gasline, imposed an additional burden or obstructed the landowner's use of his abutting property. However, in both of the decisions the Courts were speaking of an additional burden created at the time the servitude was created, rather than the abutting landowner changing the contour of his land so as to make the servitude a burden of his abutting property, as was done in the instant case.

Since this appeal is not controlled by *Equitable Gas Co., supra,* and *Shinzel, supra,* we must now deal with appellee's second argument in support of his position. Appellee argues that his right of ingress and egress from his abutting property requires that the gasline be moved at appellant's expense. We do not agree. While appellee has the right of ingress and egress and the right to use his property for its greatest benefit and value, this does not mean that if he changes the contour of his land so as to make the gasline an impediment to ingress and egress, appellant must pay for its relocation. Appellant originally installed the gasline in accordance with government regulations and could not have been expected to bury the line at such a depth so as to eliminate the possibility of its ever being an impediment to ingress and egress, if appellee changed the contour of his land.

Lastly, appellee argues that 15 P.S. Section 3554, which provides:

"In all cases where any dispute shall arise between such corporations and the authorities of any borough, city, township or county, through, over or upon whose highways, or between it and any land owner or corpo-

ration, through, over or upon whose property or easement, pipes are to be laid, as to the manner of laying the pipes and the character thereof, with respect to safety and public convenience, it shall be the duty of the court of common pleas of the proper county, upon the petition of either party to the dispute, upon a hearing to be had, to define by its decree what precautions, if any, shall be taken in the laying of pipes, and, by injunction, to restrain their being laid in any other way than as decreed. It shall be the *duty* of the court to have the hearing and make its decree with all convenient speed and promptness. Either party shall have a right to appeal therefrom, but the appeal shall not be a supersedeas of the decree, and proceedings shall be had in like manner, upon like petition, when and as often as *any dispute arises as to pipes already laid, to define the duty of such corporations as to their re-laying, repair, amendment or improvement.*" As amended, June 3, 1971, P.L. 118, No. 6, Section 1 [Section 509(a)(26)]. (Emphasis supplied.)

places a duty on appellant to move the gasline at any time a dispute arises as to its relocation. We do not agree. In our opinion, Section 3554 merely confers upon the Court of Common Pleas jurisdiction to settle a dispute such as the one involved herein. The statute does not impose the absolute duty upon appellant to move his gasline at any time a dispute arises. See *Kiskiminetas Township v. Gas Co.*, 14 Pa.Super. 67 (1900).

Decree reversed. Each party to bear own costs.

ROBERTS and NIX, JJ., concur in the result.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice (dissenting).

I dissent. When property is condemned for highway purposes, the adjoining property owner is entitled, unless otherwise specified, to ingress and egress at the *elevation*

level of the highway. The property owner is free to change the contour of his land, and to rely on the established road *elevation*. If this were not so, the elevation of the highway could be altered, effectively blocking ingress and egress and damaging the adjoining property owner more severely than contemplated when he received damages for the land taken for the highway.

In this case, ingress and egress to the property at the *elevation level of the highway* was interfered with by the construction of the pipeline. Had the pipeline been laid at the proper depth below the elevation of the roadway, there would have been no problem. The majority indicates that the pipeline was laid at the property depth. *It was not!* It was laid at an elevation level which *interfered* with appellee's ingress and egress *at the road elevation level.*

Appellee's change of the contour of his adjoining property is immaterial since all the appellee wanted was ingress and egress at the established road elevation level.

The decree of the trial court should be affirmed.