407 A.2d 391

Clarence FORTNEY, t/d/b/a Fortney's Garden
Center, Appellant,

v.

**BELL TELEPHONE OF PENNSYLVANIA**

**and**

**Counties Contracting and Construction Company.**

Superior Court of Pennsylvania.

Argued March 19, 1979.

Decided June 8, 1979.

Petition for Allowance of Appeal Granted Sept. 4, 1979.

Daniel M. Pell, York, for appellant.

Daniel K. Deardorff, Carlisle, for appellees.

Before VAN der VOORT, HESTER and WIEAND, JJ.

HESTER, Judge:

This appeal comes to us from the lower court's order sustaining appellees' preliminary objections in the form of a demurrer to appellant's complaint. For purpose of this appeal, we must accept as true the facts averred in appellant's complaint and we accord him all the inferences reasonably deductible therefrom. *Allstate Insurance Company v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973); *Barto v. Felix*, 250 Pa.Super. 262, 378 A.2d 927 (1977); *Stringert & Bowers,*

*Inc. v. On-Line Systems, Inc.,* 236 Pa.Super. 196, 345 A.2d 194 (1975). So viewed, the well plead facts in the complaint reveal the following.

Appellant Fortney, t/d/b/a Fortney's Garden Center is engaged in the business of landscaping and buying and selling Christmas trees at 5329 East Trindle Road in Mechanicsburg, Cumberland County, Pennsylvania. The record owners of these premises are the trustees of the Penn Central Transportation Company, who leased the land to one Harry E. Cupp, who in turn subleased to Fortney, during the time in question. Appellant's property does not directly abut East Trindle Road, but is separated therefrom by a narrow strip of land, the ownership of which is not plead.[1] To gain access to the Garden Center, Fortney and his customers regularly drive across this strip of land from and to East Trindle Road.

In 1976, appellee Bell Telephone, a public utility, contracted with appellee Counties Contracting and Construction Company to lay a conduit along East Trindle Road in front of appellant's business. Work began October 15, 1976 and was completed about two months later. During this time, Counties intermittently blocked access to the Garden Center by placing equipment, barriers, and other construction forms along the road surface fronting appellant's business. In addition, these obstructions shielded the Garden Center from the view of passersby on the road, "thereby creating an impression that no business was being carried on at [Fortney's] place of business." At divers times, Fortney requested the construction crews to remove their equipment from in front of the Garden Center, to no avail. When injunctive relief was threatened, the obstructions were finally removed, but not before appellant incurred substantial losses in business and good will which were the subject of the instant lawsuit initiated by Fortney on March 9, 1978.

Throughout the proceedings below, appellant pursued the theory that his rights as an owner of land abutting a road

---

1. In briefs filed with the lower court, appellant-plaintiff averred that railroad tracks run along this narrow strip and are owned by the Penn Central.

surface, *Lukens v. U. G. I. Corp.*, 461 Pa. 465, 336 A.2d 880 (1973), were interfered with and that appellees must answer in damages.[2] Appellees filed preliminary objections, Pa.R. C.P. 1028, contending that since Fortney's business did not directly abut the road he could not avail himself of those property rights. The lower court agreed and dismissed the complaint. We think the trial court was correct in its ruling and now affirm.

The relative rights of the public and abutting landowners[3] in the use of the highway and abutting land have been recognized in this Commonwealth at least as far back as *Breinig v. County of Allegheny*, 332 Pa. 474, 2 A.2d 842 (1938). There, the court reviewed at length the nature and extent of these rights and found their origin to be rooted in settled principles of property law. Thus, whether the fee of the highway is in the landowner or the state, the abutter retains certain incidents of ownership which are peculiar to him alone, and not to the public generally. These rights he may exercise in any way not inconsistent with the public's use of the highway for travel and for other intended purposes. See, *Lukens*, supra. Included in this array of rights is the "right of access, or of ingress and egress. This right cannot be taken from him unless compensation is made therefore under the law. It is a property right, protected by the Constitution." *Breinig*, 332 Pa. at 480, 2 A.2d at 847. See, Eminent Domain Code, 26 P.S. § 1–612. Note, 77 U.Pa.L.Rev. 793 (1929). The abutter's right of access to and from the roadway has been recognized in numerous subsequent decisions of our courts, *Wolf v. Commonwealth, De-*

2. In his original complaint, Fortney alleged that he possessed an easement by necessity across the narrow strip of land to the roadway and that appellees' conduct constituted, *inter alia*, an interference with the easement. In his amended complaint, Fortney abandoned his easement theory.

3. Fortney is, of course, not a landowner of the premises in question, but only a sublessee. In view of our disposition of this case, we need not decide whether he can properly enforce an abutting landowner's rights. A lessee's capacity to bring suit on such a theory has been upheld in other jurisdictions. *Iowa State Highway Commission v. Smith*, 248 Iowa 869, 82 N.W.2d 755 (1957); *Royal Transit v. Village of West Milwaukee*, 266 Wis. 271, 63 N.W.2d 62 (1954).

*partment of Highways,* 422 Pa. 34, 220 A.2d 868 (1966); *Appeal of Rolling Green Golf Club,* 374 Pa. 450, 97 A.2d 523 (1953); *William Laubach & Sons v. City of Easton,* 347 Pa. 542, 32 A.2d 881 (1943); *McCargo v. Evanson,* 188 Pa.Super. 465, 149 A.2d 588 (1959); *Condemnation of Wash. Blvd., City of Pittsburgh,* 25 Pa.Cmwlth. 561, 361 A.2d 469 (1976), all of which concerned property directly abutting the road, and not separated by any intervening land.

 The term "abutting property" implies property which actually adjoins another property or a highway. *Petition of City of Pittsburgh,* 82 Pa.S. 8 (1923); 25 P.L.E. Municipal Corporations, § 369 p. 597. In another context, the legislature has defined abutting property as "any property physically adjoining [a] street . . ." Borough Code, Act of February 1, 1966, P.L. (1965) 1656, No. 581, § 111 (53 P.S. § 45111). Appellant Fortney concedes his property does not physically adjoin, is not contiguous at any point to, East Trindle Road, but asks us to extend the abutter's right of access to him. This we decline to do. As enunciated in *Breinig,* supra, these rights arose as a unique concomitant of ownership of land adjoining a highway and have never been shared by the general public. Courts of other jurisdictions have likewise declined to extend an abutter's right of access to one whose land does not adjoin at any point the road surface. See, e. g., *Farnsworth v. Soter's, Inc.,* 24 Utah 2d 199, 468 P.2d 372 (1970) (owner's land separated from edge of road by 10–14 foot strip of land); *State v. Fuller,* 407 S.W.2d 215 (Tex., 1966) (owner's land separated from road by railroad tracks). As a landlocked property owner, the abutter's rights do not accrue to appellant Fortney and this ground for his claim must fail.[4]

Appellant advances an alternate theory of recovery grounded in tort liability and refers us to Restatement, Second, Torts, § 435(1):

If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm

4. Fortney's complaint also alleged the conduct of appellees obstructed the view of his business from the roadway and that passersby

or the manner in which it occurred does not prevent him from being liable.

A review of the record reveals that this particular contention was not posited by appellant at any time during the proceedings below. Fortney's theory of recovery was consistently grounded in his alleged status as an abutting property owner and it is this issue which was briefed extensively by both parties below and provided the basis for the court's decision. Clearly, a cause of action founded in tort and the Restatement has not been preserved for our review. See, *Commonwealth v. National Federation of the Blind*, 471 Pa. 529, 370 A.2d 732 (1977); *Wenzel v. Morris Distributing Company*, 439 Pa. 364, 266 A.2d 662 (1970); *Corabi v. Curtis Publishing Company*, 437 Pa. 143, 262 A.2d 665 (1970).

Order affirmed.

could not determine there was a business existing there. This "right of view", that is, the right to see the highway and to be seen therefrom, appears never to have been explicitly recognized in this Commonwealth, but has been readily accepted by other courts as a natural component of an abutter's rights. *People v. Ricciardi*, 23 Cal.2d 390, 144 P.2d 799 (1943); *Smith v. State Highway Commission*, 185 Kan. 445, 346 P.2d 259 (1959); *Kelbro, Inc. v. Myrick*, 113 Vt. 64, 30 A.2d 527 (1943). 39 A C.J.S. Highways § 141(1), p. 872.