(636 P.2d 182)

No. 52,308

WALTER SPURLING, STEVE BEVER and JOHNA BEVER, CONRAD LIVINGSTON and MARY LIVINGSTON, JACK HARRIGAN and MADALINE HARRIGAN, *Appellees,* v. KANSAS STATE PARK AND RESOURCES AUTHORITY, *Appellant.*

Opinion filed November 13, 1981.

*Robert T. Stephan,* attorney general, and *Kenneth P. Hackler,* assistant attorney general, were on the brief for the appellant.

No appearance by appellee.

Before JUSTICE HERD, presiding, SWINEHART, J., and LEWIS L. McLAUGHLIN, District Judge Retired, assigned.

HERD, J.: This is an action for declaratory judgment, injunction and mandamus to compel the Kansas State Park and Resources Authority to provide additional access roads from Woodson Bend Subdivision to the park road in Lake Crawford State Park.

The appellees are residents of Woodson Bend Subdivision in Crawford County. This subdivision shares a common boundary with Lake Crawford State Park. The Kansas Park and Resources Authority has jurisdiction over the park through which runs a park road. Woodson Bend Subdivision contains a sixty foot easement for a road and an eight foot utility easement with a ninety-four foot setback for buildings on each lot. Appellees' property comes within thirty-five feet to seventy-six feet of touching the park road. The Park Authority fenced the park boundary and limited the appellees' ingress to the park road to three accesses. Appellees demand thirteen. The trial court found the park road to be a public road and the appellees as abutting property owners entitled to reasonable access. This appeal followed.

Appellees base their claim to access to the park road on the

common law right of access. The Supreme Court outlined this right in *Smith v. State Highway Commission,* 185 Kan. 445, 451, 346 P.2d 259 (1959):

"It has consistently been held in this jurisdiction the right of access to and from an existing public street or highway is one of the incidents of ownership of land abutting thereon, sometimes called a common law right of access, which may not be taken from the owner by the public without just compensation."

More recently, the Supreme Court stated: "[I]t is recognized in the law of this state that the right of access to and from an existing public street or highway is one of the incidents of ownership of the land abutting thereon." *Teachers Insurance & Annuity Ass'n. of America v. City of Wichita,* 221 Kan. 325, 330, 559 P.2d 347 (1977). It is apparent this right of access has two components: 1) The persons claiming the right must own land *abutting* that street or highway; 2) There must be a *public* street or highway.

Let us examine the first component. Does the property in Woodson Bend Subdivision abut the perimeter road of Lake Crawford State Park? Black's Law Dictionary defines abut as "to reach" or "to touch." (4th ed. 1951 at p. 25) Thus, according to the technical definition, appellees would not be abutting property owners and thereby not entitled to access because their property does not actually border the road.

However, the courts have not been so strict in construing the term. In *Riddle v. State Highway Commission,* 184 Kan. 603, 610, 339 P.2d 301 (1959), the court stated:

"The right is justified upon the grounds of necessity [citation omitted] and is such as is reasonably necessary for the enjoyment of the land [citation omitted]. It is a property right known in law as an 'easement appurtenant' or an 'easement access' to the abutting land [citations omitted]. It includes not only the right of the abutting owner to enter and leave his property by way of the highway, but also the right to have the premises accessible to patrons, clients and customers [citation omitted]. However, such right is subject to reasonable regulations of the commission with respect to entrances [citation omitted]."

The trial court held, in effect, it was "reasonable" to assume that close proximity of land to an existing public highway was enough to allow the owner of the land the right of access. Before the trial court, appellees argued the situation here was similar to cases in which the property abuts a highway right-of-way instead of the highway itself. Appellees contended the thirty-five to seventy-six foot strip between their property and the park road was similar to a right-of-way. There are, however, distinctions

which should be made. The strip between appellees' land and the park road is owned in fee by the State. A right-of-way, on the other hand, is only a servitude imposed on the land. The fee remains in the owner of the property. See Black's Law Dictionary 1489 (4th ed. 1951). Although the Kansas court has never ruled on this issue, other courts have recognized the difference and refused to extend an abutter's right of access to one whose land does not adjoin at any point the road surface. See *City of Wichita Falls v. Thomas,* 523 S.W.2d 312 (Tex. Civ. App. 1975), where the owner's property was separated from a street by a triangular strip of land owned by the city; *Farnsworth v. Soter's Inc.,* 24 Utah 2d 199, 468 P.2d 372 (1970), where the ten to fourteen foot strip separating the owner's land from a county road was formerly owned by the county; and *State v. Fuller,* 407 S.W.2d 215 (Tex. 1966), where the owner's land was separated from the road by railroad tracks.

Since the strip of land between the park road and appellees' property is owned by the State and is not merely a right-of-way, we hold appellees are not abutting property owners and are therefore not entitled to the common law right of access. We need not discuss the public highway issue since the case is disposed of on the first issue.

The judgment of the trial court is reversed.