No. 66,968

Robert J. and Regina M. Sebree, *Appellants,* v. The Board of County Commissioners of the County of Shawnee; Orville Dreasher, Jr.; Geraldine Dreasher; Ed Southall; and State of Kansas Department of Transportation, *Appellees.*

(840 P.2d 1125)

Opinion filed October 30, 1992.

*Stephen P. Weir,* of Carpenter, Weir & Myers, Chtd., of Topeka, argued the cause, and *Mary D. Feighny,* of the same firm, was with him on the briefs for appellants.

*Jeffrey A. Chanay,* of Entz & Chanay, of Topeka, argued the cause, and *Michael D. Strong,* of the same firm, was with him on the brief for appellees.

The opinion of the court was delivered by

HERD, J.: Robert J. and Regina M. Sebree brought this action to quiet title, to recover damages for trespass, and to obtain injunctive relief. The district court granted summary judgment against the Sebrees and ruled that although the Sebrees own the fee title to the property in question, it is subject to Geraldine and Orville Dreasher's right of access over the county-held right-of-way to old U.S. Highway 40. The Sebrees appealed to the Court of Appeals, which affirmed the district court. *Sebree v. Board of Shawnee County Comm'rs,* 16 Kan. App. 2d 772, 829 P.2d 610 (1992). We granted the Sebrees' petition for review.

In 1870, the Kansas Legislature enacted a statute which provided for several roads to be established throughout the state, including a road from Lawrence to Topeka. This proposed road cut diagonally across the Northwest Quarter of Section 4, Township 12 S, Range 17 E, Shawnee County, owned by David G. Jones, the Sebrees' predecessor in title. In 1880, Jones petitioned the Shawnee County Commissioners to relocate the road and offered to grant the county a 60-foot right-of-way on the west

and south quarter section lines of his property if the county would refrain from building the road diagonally across his quarter section. The county commissioners accepted Jones' grant of right-of-way and relocated the road accordingly. The road, which later become known as U.S. Highway 40, was constructed entirely upon the right-of-way, except where it was rounded off on the southwest corner of the quarter section.

In 1919, Sebrees' predecessor in title quitclaimed an additional tract of 0.17 acres of land to Shawnee County to accommodate the rounded curve. This tract is not in dispute.

Orville and Geraldine Dreasher own the Southeast Quarter of Section 5, Township 12 S, Range 17 E, Shawnee County. This land lies to the immediate southwest of the Sebrees' property and has a common corner therewith. In the early 1900's, after the road was constructed, the Dreashers' predecessors in title used a spur road to reach the highway from their property. This spur road encroaches on the Northeast Quarter of Section 5 by approximately 20 feet. This quarter is presently owned by Alice McCammon, who is not a party to this action. The Southwest Quarter of Section 4 is presently owned by Mrs. Hubbard, who also is not a party to this action. Both the McCammon and Hubbard quarter sections have a common corner with the other two quarters. See the diagram attached as an appendix.

In 1952, the State of Kansas altered the location of U.S. Highway 40 in order to straighten several curves in the vicinity of the Sebrees' property. The new Highway 40 cut diagonally through the Sebrees' property, approximately in the same location as the proposed highway of 1870. Once the highway was straightened, the old road only went from one point to another on the new road. Also in 1952, the Kansas Highway Commission withdrew the right-angled road "from the system of State Highways in Shawnee County, Kansas, with the provision that the road shall be maintained as a detour highway until such time as the herein designated route shall be completed and open to traffic."

In the summer of 1988, the Dreashers and Ed Southall, also a named defendant in this case, attempted to widen the spur road to create a larger entrance-way to the Dreashers' property where a race track is located, which Southall leased. The race track had been in operation for many years. The widening of the

spur road was done without the Sebrees' permission. The Sebrees then initiated this quiet title action against the Board of County Commissioners of Shawnee County; the Kansas Department of Transportation; Rural Water District No. 8, which had laid a water line alongside the road; the Dreashers; and Southall. In addition to requesting quiet title, the Sebrees sought damages for trespass and injunctive relief to return the property to its condition prior to the alleged trespass.

In February 1989, the Sebrees moved for partial summary judgment, asking the district court to declare them to be the fee simple title holders to the old road as of 1952, when the state decided to alter Highway 40's route. The district court denied the motion, finding issues of material fact remained. In August 1989, as discovery in the case progressed, the district court granted the Sebrees a restraining order, preventing defendants from widening the spur road. The Sebrees reached a settlement with Rural Water District No. 8, which was then dismissed from the lawsuit.

In the summer of 1990, the Sebrees again moved for summary judgment against the Board of County Commissioners of Shawnee County, the Department of Transportation, the Dreashers, and Southall. Southall did not respond to the motion and the Sebrees were granted summary judgment against him. The Dreashers also moved for summary judgment, claiming their use of the spur road is based upon the common-law right of access to a public highway which is available to abutting property owners.

The district court found the Sebrees held fee title to the property at issue, subject to a right-of-way by Shawnee County for the old highway. The district court, however, held the Sebrees' title was subject to the Dreashers' right of access. The district court stated:

"The common-law right of access requires two elements: '1) The persons claiming the right must own land *abutting* that street or highway; 2) There must be a *public* street or highway.' *Spurling v. Kansas State Park and Resources Authority,* 6 Kan. App. 2d 803, 804, 636 P.2d 182 (1981). (Emphasis in original.) The right of access 'is justified upon the grounds of necessity' and is an appurtenant easement which runs with the land. *Riddle v. State Highway Commission,* 184 Kan. 603, 610, 339 P.2d 301 (1959). (Citations omitted.) Additionally, the right of access extends to the property owner's 'patrons, clients, and customers.' *Id.* Because the Dreasher property

abuts Shawnee County's easement for the public road, which by definition is open to use by anyone, the Court finds the [Dreashers] have the right of access to the road by way of the spur road."

The district court further found that any portion of the spur road on the Sebrees' property is also on Shawnee County's right-of-way.

The Sebrees' motions to alter or amend the district court's memorandum decision and to assess damages for trespass against Southall were denied. The parties agreed to a permanent injunction limiting any further widening or repair of the spur road.

On appeal, the Court of Appeals found the Dreashers' property touches the right-of-way of the old highway, although it did not touch the actual road surface. When addressing the question of whether touching the right-of-way is sufficient, the Court of Appeals stated:

"The Sebrees contend that the Dreashers' property must touch the road they seek access to and not just the spur road. The trial court refused to adopt the Sebrees' argument that the Dreashers' land must abut the road surface and not just the road easement, stating that such an interpretation would 'deny thousands of rural residents across this state the right of access to county roads' if their property reached only to the road's shoulder but not the road's surface. We agree. Moreover, denying the Dreashers a right of access to the spur road, upon which Shawnee County holds an easement for the old public road, simply does not make sense. Based upon our language in *Spurling*, we conclude that the trial court properly awarded the Dreashers a right of access to the spur road and the old Highway 40." *Sebree*, 16 Kan. App. 2d at 781.

Thus, the Court of Appeals affirmed the district court. 16 Kan. App. 2d at 783. We accepted review.

The sole issue on appeal is whether the Dreashers are abutting property owners and, therefore, entitled to a right of access to the old highway, a public road.

The standard of review of summary judgment decisions is well settled.

"A party seeking summary judgment bears a heavy burden. The trial court is required to resolve all inferences which may reasonably be drawn from the evidence in favor of the party against whom summary judgment is sought. Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party opposing

summary judgment has the affirmative duty to come forward with facts to support its claim, although it is not required to prove its case. If factual issues exist, they must be material to the case to preclude summary judgment." *Hammig v. Ford,* 246 Kan. 70, 72, 785 P.2d 977 (1990).

The district court and the Court of Appeals base their decisions on *Spurling v. Kansas State Park & Resources Authority,* 6 Kan. App. 2d 803, 636 P.2d 182 (1981), which addresses the common-law right of access to public roads by abutting land owners. The common-law right of access was recognized by this court in *Smith v. State Highway Commission,* 185 Kan. 445, 451, 346 P.2d 259 (1959), where we stated:

"The owner of property which abuts an existing street or highway has two distinct kinds of rights in a highway, a public right which he enjoys in common with all other citizens, and certain private rights which arise from his ownership of property contiguous to the street or highway, and which are not common to the public generally. These private rights include certain easements, or appurtenant easements, such as the rights of access, of view, of light and air, and others. These rights are *property* of which he may not be deprived without his consent, except on full compensation and by due process of law."

In *Spurling,* the plaintiffs sought access to a road in the Lake Crawford State Park. Their property, however, came within 35 to 76 feet of touching the park road. Before the trial court, the plaintiffs argued the situation was similar to cases in which the property abuts a highway right-of-way instead of the highway itself. The Court of Appeals pointed out the strip between the plaintiffs' land and the park road was not a road right-of-way but was owned in fee by the State. Thus, the plaintiffs were not abutting property owners and were not entitled to the common-law right of access. 6 Kan. App. 2d at 804-05.

While the Sebrees did not appeal the trial court's finding that the old highway is a public road, they argued to the Court of Appeals that the old road is a private road owned by them. In their petition for review, the Sebrees do not raise this claim and, thus, we hold that issue is abandoned and address only the question of whether the Dreashers are abutting land owners. This case presents a rather common circumstance in the Midwest where land is platted on a grid. The Dreashers' property and the Sebrees' property touch at one point where their corners meet. Furthermore, at that point the Dreashers' property touches Shaw-

nee County's right-of-way for the old highway. It does not touch the road surface itself.

The district court and the Court of Appeals held the touching at a single point is sufficient to meet the abutting requirement and further found that the Dreashers' property need only abut the road's right-of-way or easement. The Sebrees contend that to abut only at one point is insufficient to give rise to a right of access. Instead, the Sebrees claim the Dreashers' property must be contiguous or have a common boundary with the road, sufficient to allow for a driveway entirely upon the Dreashers' property.

In *Spurling*, when addressing the issue of abutting ownership, the Court of Appeals stated: "Black's Law Dictionary defines abut as 'to reach' or 'to touch.' " 6 Kan. App. 2d at 804. Black's Law Dictionary further defines abut as: "To touch at the end; *be contiguous*; join at a border or boundary; terminate on; end at; border on; reach or touch with an end. The term 'abutting' implies a closer proximity that the term 'adjacent.' No intervening land." (Emphasis added.) Black's Law Dictionary 11 (6th ed. 1990). Black's Law Dictionary also defines contiguous as: "In close proximity; neighboring; adjoining; near in succession; in actual close contact; *touching at a point* or along a boundary; bounded or traversed by." (Emphasis added.) Black's Law Dictionary 320 (6th ed. 1990).

Some courts have defined contiguous to mean the same as the *Spurling* court's definition of abut. For example, the Georgia Court of Appeals stated: "The word contiguous when applied to ownership of land means 'to touch' as where tracts of land corner one another." *Seckman et al. v. Georgia Power Company*, 155 Ga. App. 204, 205, 270 S.E.2d 328 (1980). Other courts, however, have indicated that for properties to be contiguous they must meet at more than one point. The Illinois Court of Appeals has stated: "To be contiguous, the tracts of land must 'touch or adjoin one another in a reasonably substantial physical sense.' " *LaSalle Nat. Bank v. Village of Burr Ridge*, 81 Ill. App. 2d 209, 217, 225 N.E.2d 33 (1967).

The person claiming a right of access must be an abutting land owner. We agree with the decision of the Court of Appeals in this case as well as *Spurling* and hold "abut" means to touch.

The Dreashers' property touches the right-of-way to the old highway.

Next, we address the question of whether abutting the right-of-way, rather than the road surface, is sufficient. In *Spurling*, the Court of Appeals acknowledged that some courts have "refused to extend an abutter's right of access to one whose land does not adjoin at any point the road surface." 6 Kan. App. 2d at 805. In the case currently under consideration, however, the Court of Appeals points out that the cases cited in *Spurling*, which required adjoining the road surface, are not factually on point. *Sebree*, 16 Kan. App. 2d at 781.

In *Miller v. Berryhill Nursery Co.*, 7 Ohio App. 2d 30, 218 N.E.2d 467 (1966), the defendants were granted a right of access over the plaintiffs' land. The plaintiffs had conveyed to the state a perpetual easement and right-of-way for public highway and road purposes. Prior to the granting of the easement, the defendant's land did not abut the existing public highway; however, after the grant the defendant's property abutted the right-of-way granted by the plaintiffs. The Ohio Court of Appeals held the defendant was entitled to construct a driveway to the highway from his property over lands owned in fee by the plaintiffs, but subject to the right-of-way the plaintiffs had conveyed to the state. 7 Ohio App. 2d at 37.

The Minnesota Court of Appeals was faced with a similar issue in *State v. Northwest Airlines, Inc.*, 413 N.W.2d 514 (Minn. App. 1987). In that condemnation case, the court stated Minnesota statutes defined an abutting landowner to be "one whose property abuts the right of way, whether or not the edge of the traveled portion of the highway is also the right-of-way line." 413 N.W.2d at 518.

The Sebrees argue the Dreashers would have a right of access to the old highway if it had been constructed on the section line, thereby using property owned by all four landowners at the intersection of the quarter sections. This argument merely restates the previous argument made by the Sebrees that the Dreashers' property must abut the roadway rather than the right-of-way. The right of access does not require persons claiming such a right to have any titled ownership in the land upon which the public road rests. It is based upon the right of an owner of land abutting

a public highway to have access thereto. In a condemnation case, the California Court of Appeal clearly states the right of access is based upon ownership of property abutting the highway. *People ex rel. Dept. Public Works v. Giumarra Vineyards Corp.,* 245 Cal. App. 2d 309, 315, 53 Cal. Rptr. 902 (1966).

The Sebrees further argue the Dreashers must prove they have a necessity to travel over the Sebrees' property, within the county's right-of-way, in order to have a means of ingress and egress from their property. The Sebrees base this argument upon our statement that "[t]he right [of access] is justified upon the grounds of necessity [citation omitted] and is such as is reasonably necessary for the enjoyment of the land [citation omitted]. It is a property right known in law as an 'easement appurtenant' or an 'easement access' to the abutting land." *Riddle v. State Highway Commission,* 184 Kan. 603, 610, 339 P.2d 301 (1959).

The Sebrees confuse our statement that the right of access is based on "grounds of necessity and is such as is reasonably necessary" with the requirements for an easement by necessity. In *Horner v. Heersche,* 202 Kan. 250, 254, 447 P.2d 811 (1968), we stated:

" 'A way of necessity is an easement founded on an implied grant or implied reservation. It arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is shut off from access to a road to the outer world by the land from which it is severed or by this land and the land of strangers. In such a situation there is an implied grant of a way across the grantor's remaining land to the part conveyed, or conversely, an implied reservation of a way to the grantor's remaining land across the portion of the land conveyed.' " (Quoting 25 Am. Jur. 2d, Easements and Licenses § 34, p. 447-48.)

In *Horner,* we stated an easement by necessity, or way of necessity, requires more than mere convenience. If the claimant can obtain a means of access to his land at reasonable expense without entering his neighbor's property, there is no implied easement by necessity. 202 Kan. at 255. The Sebrees contend the Dreashers must meet the necessity element required for an easement by necessity and that the Dreashers have failed to meet that requirement. The Sebrees further contend there is a question of fact as to the necessity for the Dreashers' access and, thus, the district court erred by granting summary judgment.

We disagree. This case is about the common-law right of access. It is not about easement by necessity. The use of the word "necessity" in *Riddle* was merely for the purpose of showing the reason for the common-law right of access rule. Thus, the Dreashers need not prove the elements of an easement by necessity. They need to prove only that their land abuts a public highway. As we stated in *Teachers Insurance & Annuity Ass'n of America v. City of Wichita*, 221 Kan. 325, 330, 559 P.2d 347 (1977), "[I]t is recognized in the law of this state that the right of access to and from an existing public street or highway is one of the incidents of ownership of the land abutting thereon."

Finally, the Sebrees contend the Dreashers should not be granted a right of access because the spur road encroaches upon Alice McCammon's property. In response to this argument, the district court stated: "The [Sebrees] do not have standing to raise other landowners' possible claims." In their reply brief the Sebrees claim the district court's attitude concerning McCammon's and Hubbard's property rights is arrogant. The Sebrees go on to state: "Mrs. McCammon and Mrs. Hubbard were not joined herein because this is a quiet title action to the Sebree property, not to Mrs. McCammon's or Mrs. Hubbard's properties." As the Sebrees point out, this is a quiet title action to their property and, therefore, we have jurisdiction only of issues pertaining to the Sebrees' property.

We hold the Dreashers have a right of access to the public road running along the west and south lines of the Northwest Quarter of Section 4, Township 12 S, Range 17 E, Shawnee County, Kansas, and deny the Sebrees' action to quiet title against the Dreashers.

The judgments of the district court and the Court of Appeals are affirmed.