(871 P.2d 1293)
No. 70,325

DAVID DALLINGA and CATHY DALLINGA, *Appellants*, v. CENTER TOWNSHIP and GARY R. YOCUM, AS TOWNSHIP TRUSTEE, *Appellees*.

Petition for review denied 255 Kan. 1000 (1994).

Opinion filed April 8, 1994.

*David P. Calvert* and *Kenneth G. Gale,* of Focht, Hughey & Calvert, of Wichita, for the appellants.

*Eric K. Rucker* and *Mark A. Guilfoyle,* of Herrington, for the appellees.

Before ROYSE, P.J., LEWIS and PIERRON, JJ.

PIERRON, J.: David and Cathy Dallinga appeal the district court's decision that their appeal from a decision of the township trustee was untimely. They also appeal the trial court's decision that the trustee's decision was based on substantial evidence. No other issues are properly before us. We affirm in part and reverse in part.

K.S.A. 19-2504 and K.S.A. 19-2505 read in pertinent part as follows:

"[A]ll unused and abandoned wells, pits, mines. or other excavations situated upon land not enclosed, upon complaint in writing being made by any citizen to the owner of the land or his agent whereon such well, pit, mine or other excavation is situated, shall be enclosed or filled up, or securely covered, by such owner or agent, within twenty days from the date of the service of said notice."

"Upon the failure of the owner or his agent to comply with the provisions of K.S.A. 19-2504 within the time mentioned in said section, the party complaining may notify the township trustee of the township wherein such well, pit, mine or other excavation is situated, by the filing with him of a copy of the notice served upon the owner of such land or his agent . . . and thereupon the township trustee shall be required forthwith to make a personal investigation of said well, pit, mine or other excavation, and if in his judgment the well, pit, mine or other excavation shall be dangerous he shall cause the same to be filled up, or securely covered."

The Dallingas' attorney, David Calvert, sent the required notice to the owner's agent, Larry Michael, on March 12, 1992. Michael and the owner, Joseph Clemence, apparently ignored the notice. Subsequently, Calvert notified the township trustee, Gary Yocum. Yocum received the notice approximately April 15, 1992. On June 19, 1992, Yocum wrote Calvert, telling him that it was Yocum's opinion that the site was not dangerous. Yocum had viewed the site accompanied by the other two members of the township board. No action was taken following Yocum's response.

On October 19, 1992, Calvert sent another letter to the landowner making the same demand. This letter was not answered. On November 13, 1992, Calvert sent Yocum a second demand for investigation. Yocum conducted a second inspection. In a letter dated December 29, 1992, Yocum told Calvert that it was still his opinion the site was no "more or less dangerous than any other body of water in this community." Yocum also expressed the opinion that "the pit poses no unusual danger if the proper rules of water safety are followed."

Following this letter, Calvert filed an appeal with the district court pursuant to K.S.A. 1993 Supp. 60-2101(d). This statute governs appeals from "political or taxing subdivisions . . . exercising judicial or quasi-judicial functions." After a hearing, the court ruled the second notice was filed for the purpose of extending the time for appeal. The court noted the first notice and result were nearly identical to the second notice and result. The second demand and report "added nothing" to the process. The court granted the defendant's motion to dismiss. The court went on to consider the case on its merits, finding the trustee acted within the scope of his authority, the decision was based on substantial competent evidence, and the trustee did not act arbitrarily or capriciously.

This court is called upon to decide whether the motion to dismiss was properly granted. We agree with the trial court that the parties involved in this type of action should not be allowed the opportunity to seek their relief more than once. As the appellants point out in their brief, an administrative action is res judicata only when the proceeding affords the type of due process

protections found in judicial process. *Neunzig v. Seaman U.S.D. No. 345*, 239 Kan. 654, Syl. ¶ 2, 722 P.2d 569 (1986). The fundamental elements of due process are notice and a meaningful opportunity to be heard. *Joe Self Chevrolet, Inc. v. Board of Sedgwick County Comm'rs*, 247 Kan. 625, 630, 802 P.2d 1231, (1990) (citing *In re Petition of City of Overland Park for Annexation of Land*, 241 Kan. 365, 370, 736 P.2d 923 [1987]). Those elements are clearly not present here. Thus, we are constrained to hold that until an appeal to district court is taken, multiple complaints or notices may be filed.

Turning to the merits of the case, we note that judicial review under K.S.A. 1993 Supp. 60-2101(d) is limited to determining whether the decision was within the scope of the trustee's authority, substantially supported by the evidence, and not arbitrary, fraudulent, or capricious. *Cedar Creek Properties, Inc. v. Board of Johnson County Comm'rs*, 249 Kan. 149, 156, 815 P.2d 492 (1991)

K.S.A. 19-2505 commands the trustee to make the decision about whether the site in question is dangerous. The decision was clearly not outside the scope of the trustee's authority.

There is no evidence the trustee disregarded any evidence or failed to carry out an inspection as the statute requires. A decision may be held arbitrary or capricious where the action is not supported by substantial evidence. Substantial evidence is "evidence which possesses both relevance and substance, and which furnishes a substantial basis of fact from which the issues can be reasonably resolved." *Kansas Racing Management, Inc. v. Kansas Racing Comm'n*, 244 Kan. 343, 365, 770 P.2d 423 (1989).

Pursuant to K.S.A. 1993 Supp. 60-2101(d), the trial court received additional evidence on whether the site was dangerous. All parties acknowledge the matter was not entitled to a trial de novo. No party complains about the court's action in receiving evidence. The evidence consisted of Yocum's testimony and a videotape of the site.

The pit is located approximately 300 yards off a township road. The driveway is blocked by a steel wire cable, and the property is posted against trespassing. People can gain access to the pit by driving around the cable. Brush and vegetation have grown around the perimeter of the pit. Yocum testified about his in-

spection of the site. He stated he had walked around the pit and observed the area. He stated it was unlikely people would lose their footing and roll down the bank. Yocum also testified that so long as the rules of water safety were obeyed, the pit was no more or less dangerous than any other body of water in the county. Yocum also testified he would not leave children at the site unattended.

The appellants urge this court to interpret earlier cases as holding sand pits are dangerous as a matter of law. See *Bartlett v. Heersche*, 204 Kan. 392, 462 P.2d 763 (1969), and cases cited therein. To do so would be to misread those cases. The cases cited by appellant involve the drowning deaths of children under the age of six. Further, those cases considered whether the sand pits in question, located in populated residential neighborhoods within city limits, constituted attractive nuisances. The facts of the earlier cases differ considerably from the facts presented here.

The pit is located in a rural area. Access is restricted, and the area is posted against trespassing. People going to the site must make an effort to get there. It is not located in an area where unsuspecting individuals could be caught off guard and injured.

The appellants urge that Yocum's admission that the pit could be dangerous to one not observing water safety measures proves the pit is "dangerous" and is therefore subject to the statutes in question. We do not read the statute that broadly. "Danger" is a relative term. Any "pit, mine or other excavation" is theoretically dangerous as the unwary or careless could be injured by falling into it. The legislature did not require that all such excavations be subject to the provisions of the statutes in question, but limited their effect to those determined to be "dangerous" by the trustee. The trustee's evaluation that the pit in question was no more dangerous than any other body of water in the community and posed no unusual danger appears to be the type of balancing judgment required by the statute.

We hold the trustee's decision was supported by substantial evidence and was not arbitrary or capricious. Had the trustee decided the pit was dangerous, there was also probably evidence to support such a decision. Matters of judgment of this kind are left to the appropriate discretion of the official charged to make

them and will not be second guessed by the courts absent an abuse of this discretion.

Affirmed in part and reversed in part.