L. LaVerne Fiss Johnson City Attorney P.O. Box 100 Johnson, Kansas 67855
Dear Mr. Fiss:
As city attorney for the city of Johnson City you request our opinion concerning whether the city may barricade a street without infringing upon certain property owners' rights of access. You have provided a map (a copy of which is attached) which shows the location of the properties and the alley and the street in question.
It is our understanding that the city would like to barricade the west end of North Avenue so that persons traveling west on North Avenue would not be able to have access to the north/south running alley that intersects North Avenue. The barricade would be built so as to not impede access through the alley if one were to proceed north or south — rather, it would be built to preclude people from gaining access to the alley by way of North Avenue. The city is concerned whether its actions would infringe on any common law rights of access for property owners located on lots 1 and 2 (orange coded on the map) and lots 9 and 1 (green coded on the map).
The common law right of access to and from an existing public street or highway is one of the incidents of ownership of the land abutting thereon. Teachers Insurance and Annuity Association ofAmerica v. City of Wichita, 221 Kan. 325, 330 (1977).
 "The owner of property which abuts an existing street or highway has two distinct kinds of rights in a highway, a public right which he enjoys in common with all other citizens, and certain private rights which arise from his ownership of property contiguous to the street or highway, and which are not common to the public generally. These private rights include certain easements, or appurtenant easements, such as the rights of access, of view, of light and air, and others. These rights are property of which he may not be deprived without his consent, except on full compensation and by due process of law. Smith v. State Highway Commission, 185 Kan. 445, 451 (1959).
A person claiming a common law right of access must establish that he or she owns land abutting the street or highway.Spurling v. Kansas State Park and Resources Authority,6 Kan. App. 2d 803 (1981). "Abut" means to "touch". Spurling6 Kan. App. 2d at 804. In the Spurling case, the court found that the property did not touch or abut the road that the plaintiff sought access to and, therefore, the court concluded that there was no common law right of access.
Applying this principle of law to the facts of this case, there is no right of access to the owners of lots 1 and 2 (see orange coding on map) to North Avenue if the properties do not abut North Avenue. Our understanding is that both lots 1 and 2 will continue to enjoy access to the alley so there appears to be no issue of access as far as the alley is concerned.
Lots 1 and 9 (green coded on the map) appear to abut both North Avenue and the alley thereby triggering a right of access, however, you have indicated that the owners of these lots will continue to enjoy access to both North Avenue and the alley so there should be no access issues for these lots either.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm