(62 P.3d 699)
No. 87,768

DAVENPORT PASTURE, LP, *Appellee*, v. MORRIS COUNTY BOARD
OF COUNTY COMMISSIONERS, *Appellant*.

Opinion filed February 7, 2003.

*William A. Kassebaum,* assistant county attorney, for appellant.

*Greer S. Lang,* of Lawrence, and *Charles R. Rayl,* of Cottonwood Falls, for appellee.

Before RULON, C.J., KNUDSON and BEIER, JJ.

BEIER, J.: The Morris County Board of County Commissioners (Board) appeals the district court's decision that Davenport Pasture LP suffered damages from the Board's vacation of two roads. We

must determine whether the district court exceeded its scope of review in reversing the Board's initial ruling disallowing damages.

Davenport Pasture LP (Davenport) is the assignee of the landowner of the subject property, a ranch located in Morris and Chase Counties. The ranch measures 7 miles to 8 miles from its northern to its southern border. In 1998, the only publicly maintained road providing access to the property was in the southwest corner of the ranch in Chase County. The north end of the ranch was contiguous to four platted and dedicated Morris County roads, referred to as Roads 1, 2, 3, and 4, but they were not maintained.

Aware of only Roads 1 and 2, the landowner asked the Board to open one of them to provide access to the north end of the ranch. Despite the landowner's offer to bear the expense of bringing one of the roads up to maintenance standard, the Board vacated both roads on March 9, 1999, after a hearing in which the landowner and her expert certified appraiser testified about the negative economic impact vacation would have on her property.

After Davenport was assigned the landowner's interest in the ranch, it purchased pasture land in Morris County in an effort to gain access from a public road to the north end of the ranch. It then filed a written application for damages from the road vacation, pursuant to K.S.A. 2001 Supp. 68-102a and K.S.A. 68-107. It calculated a portion of its damages at $104,200.61 based on the amount paid for the pasture land. In addition, Davenport sought compensation for survey costs and the construction of boundary line fencing. The total damage amount claimed was $107,770.61.

Three weeks later, the Board directed the assistant county attorney to send a letter to Davenport, rejecting its application for damages. The Board stated that there were three open roads to the north end of landowner's property in Morris County before the vacation of Roads 1 and 2. According to the Board, the continuing availability of the third, Road 3, meant Davenport suffered no damages, and there was no need for it to mitigate by purchasing the pasture land. The Board noted that Davenport's only argument for damages at the time of vacation dealt with losses from cattle shrink, but the landowner did not own cattle grazing on the subject

property and her rent was not tied to any cattle's weight when leaving the property.

Davenport filed a petition with the district court to reverse, vacate, or modify the decision of the Board pursuant to K.S.A. 60-2101(d), arguing that the written application for damages had been rejected without a due process hearing and that the Board's decision was arbitrary and capricious. Davenport's petition continued to claim the same amount of damages it had sought in its written application to the Board.

When the Board filed its brief concerning the petition, it asserted that its decision was subject to de novo review by the district court. The Board argued that a determination of the value of the ranch before the vacation and the value after the vacation had to be made and the difference between the values calculated. It maintained its view that the difference would be zero because Road 3 continued to provide access to Davenport's property after the vacation of Roads 1 and 2.

In its reply brief, Davenport agreed that the proper scope of review was de novo.

The Board subsequently filed several motions, including a motion in limine to exclude evidence unrelated to the value of the ranch or to the alleged diminution in its value. Specifically, the Board argued that evidence of property acquired later was irrelevant. The court denied this motion.

The Board also sought summary judgment, arguing that Roads 1 and 2 had not provided usable access to the ranch; thus Davenport was not entitled to damages because access was exactly the same before and after Roads 1 and 2 were vacated. Davenport responded with a cross-motion for partial summary judgment, arguing the vacation amounted to the taking of a private property right and gave rise to a Board obligation to compensate Davenport. Davenport asked the court to rule first on this issue before hearing evidence on the amount of compensation due.

The court denied the Board's motion for summary judgment and granted Davenport's motion for partial summary judgment, finding that the Board's resolution to vacate Roads 1 and 2 deprived Davenport of its common-law right of access. This right of access could

not be terminated without compensation. The court rejected the Board's argument that the continuing availability of Roads 3 and 4 meant Davenport had suffered no compensable harm. Although the availability of Roads 3 and 4 could affect the amount of damages sustained by Davenport, it did not negate damages entirely. The court set the matter for hearing pursuant to K.S.A. 68-107 so that the parties could present evidence on the amount of compensation due Davenport.

Davenport then moved to amend its prayer for damages from $107,770.61 to $338,370. Davenport argued that K.S.A. 2001 Supp. 68-102a had required it only to submit to the Board "a written application giving a description of the premises for which damages or compensation are claimed." The statute did not, in Davenport's view, require the application to contain a statement of the total amount of damages, and thus Davenport should not be limited to the amount of damages originally set forth.

The Board filed a response, arguing that the case law relied upon by Davenport was no longer valid and that K.S.A. 60-2101(d) allowed the district court to conduct only de novo review of the judgment made by the Board. Because Davenport was essentially submitting a new claim for damages that had never been submitted to the Board, the Board argued, the district court lacked jurisdiction to consider the higher demand and could not conduct a trial de novo. The Board argued that the claim should be barred pursuant to K.S.A. 2001 Supp. 68-102(a).

The district court granted Davenport's motion to amend, finding the written application for damages fully complied with K.S.A. 2001 Supp. 68-102a by describing the property for which damages were claimed. Furthermore, the court ruled, Davenport had not waived its right to seek damages in excess of the amount set forth in its original application to the Board.

Before the hearing on the amount of damages, the parties and the district court discussed the applicable scope of review under K.S.A. 60-2101(d). The Board urged the court to limit its review as much as possible to information that had been before the Board when it made its initial decision, although it was entitled to seek other evidence it found necessary.

At trial, testimony regarding the cost of improving three of the four roads was admitted. The cost for Road 1 was $23,951; the cost for Road 2 was $25,657; and the cost for Road 3 was $112,212. No testimony was presented regarding the cost of improving Road 4. Davenport's expert testified that the difference in the market value of the ranch before and after Roads 1 and 2 were vacated was $338,850. The Board's expert testified that the value of the ranch before and after Roads 1 and 2 were vacated was the same. However, he admitted that poor access could have a minor impact on value.

The district court's ultimate journal entry set forth its scope of review as de novo. It gave little, if any, weight to the testimony of the two experts regarding damages. Instead, it found that vacating Roads 1 and 2 changed the access to the ranch, and consequently the value of the ranch before vacation of Roads 1 and 2 must be compared to the value when access was limited to Road 4, the more reasonable of the two remaining alternatives. Because no evidence was presented regarding the cost to improve Road 4, the court extrapolated from the costs provided for the other roads. It concluded the difference in the ranch's fair market value before and after the vacation was $30,000.

K.S.A. 60-2101(d) provides that a judgment rendered or final order made by a political subdivision or any agency thereof exercising judicial or quasi-judicial functions may be reversed, vacated, or modified by the district court on appeal. The district court "shall then proceed to review the same, either with or without additional pleadings and evidence, and enter such order or judgment as justice shall require." K.S.A. 60-2101(d).

The Kansas Supreme Court has also described the parameters of the district court's and the appellate court's review of a judgment or order under this statute:

"[T]he district court is limited to determining if the Board's decision was within its scope of authority, whether it was substantially supported by evidence, and whether it was fraudulent, arbitrary, or capricious. *Butler v. U.S.D. No. 440*, 244 Kan. 458, 463, 769 P.2d 651 (1989). On appeal from the district court, we review the Board's decision as though the initial appeal had been purported to have been made directly to us. We are to employ the same standard of review as the district

court if the Board's decision is a judicial or quasi-judicial function." *Brown v. U.S.D. No. 333*, 261 Kan. 134, 138, 928 P.2d 57 (1996).

Under these standards of review, this panel must first determine whether the Board's decision was within the scope of its authority; whether it was supported by substantial competent evidence; and whether the decision was fraudulent, arbitrary, or capricious.

K.S.A. 2001 Supp. 68-102a provides that county commissioners shall determine the amount of damages, if any, sustained by property owners affected by the vacation of roads. As such, the Board's decision that Davenport was not entitled to damages as a result of the vacation of the two roads was clearly within its scope of authority.

The latter two issues—whether the Board's decision was supported by substantial evidence and whether its decision was fraudulent, arbitrary, or capricious—overlap at least in part. "An agency's action is 'arbitrary and capricious' if it is unreasonable or 'without foundation in fact.' " *Zinke & Trumbo, Ltd v. Kansas Corporation Comm'n*, 242 Kan. 470, 475, 749 P.2d 21 (1988). "A decision may be held arbitrary or capricious where the action is not supported by substantial evidence. Substantial evidence is 'evidence which possesses both relevance and substance, and which furnishes a substantial basis of fact from which the issues can be reasonably resolved.' " *Dallinga v. Center Township*, 19 Kan. App. 2d 482, 484, 871 P.2d 1293, *rev. denied* 255 Kan. 1000 (1994).

The Board found that Davenport was not entitled to damages for the vacation of Roads 1 and 2 because Road 3 was still available and the purchase of the additional property to gain access to the north section of the ranch was unnecessary. This finding was contrary to Kansas common law.

The Kansas Supreme Court has repeatedly recognized that the owner of property abutting a public road has a private property right in access to that road:

" 'The owner of property which abuts an existing street or highway has two distinct kinds of rights in a highway, a public right which the owner enjoys in common with all other citizens, and certain private rights which arise from ownership of property contiguous to the street or highway, and which are not common to the public generally. Such private rights include certain easements appurtenant,

such as the right of access, view, light, and air. These are property rights which cannot be taken from the owner without the owner's consent, except by due process with full compensation.' " *Sebree v. Board of Shawnee County Comm'rs,* 251 Kan. 776, Syl. ¶ 3, 840 P.2d 1125 (1992).

See *Smith v. State Highway Commission,* 185 Kan. 445, 451, 346 P.2d 259 (1959).

The common-law right of access includes two elements: (1) the person claiming the right must own land abutting the street or highway and (2) the street or highway must be "public." 251 Kan. at 779 (citing *Spurling v. Kansas State Park and Resources Authority,* 6 Kan. App. 2d 803, 804, 636 P.2d 182 [1981]). The actual necessity of the road is of no moment. See 251 Kan. 776, Syl. ¶ 5; see also *Osbourne v. City of Manhattan,* 244 Kan. 107, 112, 765 P.2d 1100 (1988) (owner of property abutting condemned unimproved right of way entitled to compensation for loss of access even though property accessible by other means).

In this case, the parties do not dispute that the subject property abutted Roads 1 and 2 at the time the Board vacated them or that the roads qualified as "public." Thus Davenport possessed a common-law right of access. The Board's finding that Davenport was not entitled to damages because another means of access existed in Road 3 was arbitrary because it was contrary to Kansas' recognition that a landowner's common-law right cannot be impaired without compensation. We therefore affirm the district court's reversal of the Board on this issue.

We must next consider whether the district court had jurisdiction to decide the amount of damages. The Board argues the district court exceeded its jurisdiction under K.S.A. 60-2101(d) by conducting a trial on the issues of damages and allowing Davenport to seek an additional amount exceeding that requested in its written application to the Board.

Davenport admits that "the record clearly shows that the District Court did not review the [Board's] decision under the limited scope of review applicable under K.S.A. 60-2101(d)." However, it argues this was invited error because the Board urged the district court to consider whatever evidence it deemed necessary to decide the amount of compensation. We reject this argument because

"[p]arties cannot confer jurisdiction by consent or by failing to assert lack of jurisdiction." *Riedmiller v. Harness*, 29 Kan. App. 2d 941, Syl. ¶ 1, 34 P.3d 474 (2001), *rev. denied* 273 Kan. 1037 (2002).

Although K.S.A. 60-2101(d) provides a district court with the ability to hear additional evidence, the Kansas Supreme Court has held that this review is not de novo. Rather, it is limited to the three issues listed above: whether the Board's decision was within the scope of its authority, whether it was supported by substantial competent evidence, and whether it was fraudulent, arbitrary, or capricious. *Butler v. U.S.D. No. 440*, 244 Kan. 458, 463, 769 P.2d 651 (1989). Because the Board did not conduct a hearing or find that *any* damages should be awarded, it did not reach the issue of the *appropriate amount* of damages. The district court had no decision before it that could be subjected to the three-point limited review outlined by our Supreme Court. Under these circumstances, it was error for the district court to rule on Davenport's amendment of the amount sought, to conduct a trial de novo, and to arrive at an award. Once it determined that the Board's decision denying compensation must be reversed, the district court should have remanded to the Board for further proceedings designed to set the amount.

Affirmed in part, reversed in part, and remanded to the district court with instructions to remand to the Board for further proceedings to determine the amount of compensation.